IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GREGG M. NELSON, pro se, | ) | 4:13CV3113 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CARSON VALLEY UNITED METHODIST CHURCH, a Nevada non-Profit Corporation, DOES 1-5, Inclusive, and ROE COMPANIES 1-3, Inclusive, | ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before me on Defendant Carson Valley United Methodist Church's ("CVUMC") Motion to Dismiss. (Filing 4.) Also pending is CVUMC's Motion to Strike. (Filing 7.) As set forth below, I will deny CVUMC's Motion to Strike and grant its Motion to Dismiss.

## I. BACKGROUND

On May 1, 2013, Plaintiff Gregg M. Nelson ("Nelson") filed a Complaint in the County Court of Lancaster County, Nebraska. (Filing 1-1 at CM/ECF p. 1.) In the Complaint Nelson alleges that on April 3, 2013, A3 Energy, Inc. ("A3 Energy"), assigned him a Solar Power Generating Facility located on CVUMC's property. (*Id*. at CM/ECF pp. 6, 123.) Nelson's Complaint asks, among other things, for a judgment declaring that a "November 21, 2010 Contract between [CVUMC] and A3 Energy, Inc. was legal and binding," "[CVUMC] is bound by the Terms and Conditions of the Contract," Nelson is the exclusive owner of the "Generating Facilities located on" CVUMC's "real property as of April 1, 2013 and that any subsequent action taken by [CVUMC] in an attempt to gain ownership is null and void." (*Id*. at CM/ECF p. 9.)

On June 7, 2013, CVUMC removed Nelson's Complaint to this court pursuant to 28 U.S.C. § 1441. (Filing 1.) CVUMC subsequently filed a Motion to Dismiss along with a Brief and Affidavits in Support. (Filings 4, 5, 5-2, and 5-3.) In its Brief, CVUMC argues that Nelson's Complaint should be dismissed for insufficient service of process and because the court lacks personal jurisdiction over CVUMC. (Filing 5.) On July 10, 2013, Nelson filed a Response to CVUMC's Motion to Dismiss. (Filing 6.) Thereafter, CVUMC moved to strike Nelson's response arguing it contains unsupported assertions of fact in violation of NECivR 7.0.1. (Filings 7 and 8.)

On September 24, 2013, I entered a Memorandum and Order in this matter finding that the record was incomplete. (Filing 9.) In particular, I concluded that CVUMC had filed an Affidavit that discussed an attached "Judgment by Default," but that no such "Judgment by Default" was attached to the Affidavit. (*Id*.) I also noted that such a judgment raised concerns regarding the *Rooker-Feldman* [1] doctrine. (*Id*.) I directed CVUMC to supplement the record with the "Judgment by Default" and file a supplemental brief addressing the application of the *Rooker-Feldman* doctrine. (*Id*.) I also provided Nelson with the opportunity to respond. (*Id*.)

On October 23, 2013, CVUMC filed a Supplemental Brief and an Index of Evidence in Support. (Filings 10 and 11.) In its Supplemental Brief, CVUMC argues that "pursuant to the *Rooker-Feldman* doctrine, the Court is without subject matter jurisdiction over the instant matter." (Filing 10 at CM/ECF p. 2.) However, CVUMC asks me to dismiss Nelson's Complaint upon the substantive grounds of claim preclusion. (*Id*.) Nelson did not respond to CVUMC's Supplemental Brief. (*See* Docket Sheet.)

---

[1]*See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

## II.  ANALYSIS

### A.  Motion to Strike

Before turning to CVUMC's Motion to Dismiss, I will address its Motion to Strike.  CVUMC asks me to strike Nelson's Response to its Motion to Dismiss because Nelson failed to file his Response in the form of a brief and because Nelson makes factual assertions without supporting citations.  (Filing 8.)  The court's local rules provide that a party opposing a motion "must file a brief that concisely states the reasons for opposing the motion and cites to supporting authority."  NECivR 7.0.1(b)(1)(A).  The local rules also provide that a factual assertion in an "opposing brief must cite to the pertinent page of the pleading, affidavit, deposition, discovery material, or other evidence on which the opposing party relies."  NECivR 7.0.1(b)(2)(A).

The court agrees with CVUMC that Nelson's Response does not comply with the court's local rules.  However, motions to strike are viewed with disfavor and infrequently granted.  *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977).  In light of this, and Nelson's pro se status, the court will not strike Nelson's Response.  CVUMC's Motion to Strike (filing 8) is denied.

### B.  *Rooker-Feldman*

As discussed above, CVUMC argues that this court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.  (Filing 10 at CM/ECF p. 2.)  The *Rooker-Feldman* doctrine is based on the fact that "federal district courts are courts of original jurisdiction, and by statute they are precluded from serving as appellate courts to review state court judgments, as that appellate function is reserved to the Supreme Court under 28 U.S.C. § 1257."  *Dornheim v. Sholes*, 430 F.3d 919, 923 (8th Cir. 2005).  The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court

3

proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.Corp.*, 544 U.S. 280, 284 (2005). However, the doctrine "precludes federal district court jurisdiction only if the federal suit is commenced after the state court proceedings have ended." *Dornheim, 430 F.3d at 923*; *see also Exxon Mobil*, 544 U.S. at 292 ("[N]either *Rooker* nor *Feldman* supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains sub judice in a federal court."). Indeed, "[t]here is no judgment to review if suit is filed in federal district court prior to completion of the state-court action. Rather, '[d]isposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law.'" *Dornheim*, 430 F.3d at 923 (quoting *Exxon Mobil*, 544 U.S. at 293).

Here, the record before the court shows that Nelson originally filed this matter on May 1, 2013, in the County Court of Lancaster County, Nebraska. (Filing 1-1 at CM/ECF p. 1.) The "Judgment by Default" that relates to this matter was entered by the Ninth Judicial District Court of the State of Nevada on May 10, 2013, in "CASE No. 13-CV-0078" (the "Nevada Proceeding"). (Filing 11-2 at CM/ECF pp. 149-53.) Because the "Judgment by Default" was entered after this matter was filed, the *Rooker-Feldman* doctrine does not apply and this matter is governed by preclusion law. *See Dornheim*, 430 F.3d at 923.

### C. Preclusion

The preclusive effect of the "Judgment by Default" from the Nevada Proceeding is governed by Nevada's preclusion law. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."); *see also* 28 U.S.C. § 1738. In Nevada, claim preclusion applies when three elements are present: (1) the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent

action is based on the same claims or any part of the original claims that were or could have been brought in the initial action. *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008).

With regard to the first element, the "Judgment by Default" was entered in favor of CVUMC and against A3 Energy. (Filing 11-2 at CM/ECF pp. 149-53.) Importantly, the judgment states that "no valid contract or agreement was formed between" CVUMC and A3 Energy, and that CVUMC holds "exclusive title to the solar array on" CVUMC's "real property located at 1375 Centerville Lane, Gardnerville, Nevada, as against A3 Energy, Inc., and its assigns, and all other persons, legal or natural." (*Id*. at CM/ECF pp. 152-53.) Nelson is an alleged "officer," "secretary," and creditor of A3 Energy. (Filing 1-1 at CM/ECF pp. 1, 3, and 5.) He is also the alleged "Solar Services" contract assignee and title recipient of a "Solar Photovoltaic Array," which he refers to as "Generating Facilities" located on CVUMC's property. (*Id*. at CM/ECF pp. 1, 6, 14-100, 116; Filing 11-2 at CM/ECF pp. 23-66.) Stated another way, Nelson is a successor-in-interest to the "Solar Services" contract (i.e. the same contract deemed void in the Nevada Proceeding), and the "Generating Facilities" (i.e. the same solar array deemed to be CVUMC's "exclusive" property in the Nevada Proceeding). (*See* Filing 11-2 at CM/ECF pp. 59, 151; Filing 1-1 at CM/ECF p. 89.) Because CVUMC and A3 Energy were parties to the Nevada Proceeding, and because Nelson is a successor-in-interest to A3 Energy's "Solar Services" contract and "Generating Facilities," the first element is met. *See, e.g., Howell v. Pac. Reclamation Water Co.*, No. 57004, 2012 WL 1378162, at *2 (Nev. Apr. 17, 2012) (concluding privity existed between prior owner of water rights and its successor-in-interest); *Paradise Palms Cmty. Ass'n v. Paradise Homes*, 505 P.2d 596, 599 (Nev. 1973) (concluding that a privy is one who "has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, or purchase").

The second element is also satisfied. Nevada courts apply res judicata, or claim preclusion, to default judgments. *See Jones v. Drain*, No. 3:05CV0278 PMPRAM,

2006 WL1966741, at *7 (D. Nev. July 11, 2006) (collecting cases and concluding that Nevada courts have recognized the applicability of res judicata to default judgments). In addition, CVUMC and A3 Energy were both entities organized under Nevada's laws[2] (filing 1-1 at CM/ECF p. 2), and A3 Energy was served by personal service to its resident agent, CSC Services of Nevada, Inc., on April 3, 2013 (filing 11-2 at CM/ECF pp. 2, 71). Further, Nelson does not argue that the Nevada court lacked jurisdiction over the parties.[3]

With both the first and second elements satisfied, I turn to the third element. Nelson's complaint is based on the same "Solar Services" contract and "Generating Facilities" addressed in the Nevada Proceeding. (*Compare* Filing 1-1 at CM/ECF pp. 1-10, *with* Filing 11-2 at CM/ECF pp. 149-53.) His Complaint also contains claims and requests for relief that directly conflict with the Nevada court's "Judgment by Default." (*Id*.) Indeed, Nelson's Complaint specifically asks for a judgment declaring that a "November 21, 2010 Contract between [CVUMC] and A3 Energy, Inc. was legal and binding," "[CVUMC] is bound by the Terms and Conditions of the Contract," Nelson is the exclusive owner of the "Generating Facilities located on" CVUMC's "real property as of April 1, 2013 and that any subsequent action taken by [CVUMC] in an attempt to gain ownership is null and void." (Filing No. 1-1 at CM/ECF p. 9.) The record shows Nelson was aware of the Nevada Proceeding and

---

[2]Public records of the Nevada Secretary of State concerning Nevada business entities are available at the following internet address: http://nvsos.gov/sosentitysearch/CorpSearch.aspx.

[3]I note that the "Services Contract" contained a forum selection clause stating that "any action or proceeding related to a Dispute shall be in Lancaster County, Nebraska." (Filing 1-1 at CM/ECF p. 9.) However, the Nevada court has held that the "Services Contract" at issue was "null and void ab initio." (Filing 11-2 at CM/ECF p. 152.) The record indicates Nelson was aware of the Nevada Proceeding and chose not to plead or otherwise defend A3 Energy, or his own alleged successor-in-interest rights, regarding the validity of the forum selection clause. (*See* Filing No. 11-2 at CM/ECF p. 149; Filing 1-1 at CM/ECF pp. 108-09.)

chose not to assert any of the claims or arguments that he now raises this matter, a matter he filed before the "Judgment by Default" in the Nevada Proceeding was entered. (Filing 1-1 at CM/ECF pp. 1, 108-09; Filing 11-2 at CM/ECF p. 149.) *See Five Star*, 194 P.3d at 715 (concluding claim preclusion applies to prevent a second suit based on all grounds of recovery that were or could have been brought in the first suit). Accordingly,

    IT IS THEREFORE ORDERED that:

    1.    CVUMC's Motion to Strike (filing 7) is denied.

    2.    CVUMC's Motion to Dismiss (filing 4) is granted in accordance with this Memorandum and Order and this matter is dismissed with prejudice.

    3.    A separate judgment will be entered in accordance with this Memorandum and Order.

    DATED this 26th day of November, 2013.

    BY THE COURT:

    *Richard G. Kopf*
    Senior United States District Judge

---

    *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.